IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN MCCARTHY, | ) | 8:15CV182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOE BIDEN V.P., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Steven McCarthy filed a series of documents in this case. McCarthy signed only one of these documents. (*See* Filing No. 1.) The remaining documents are unsigned and appear to be items of correspondence from McCarthy to various public officials and agencies. (*See* Filing Nos. 5, 6, 7, and 8.)

The court will treat the signed document (Filing No. 1) as McCarthy's "complaint." In this document, McCarthy listed himself as the plaintiff and Vice President Joe Biden as the defendant. The court now conducts an initial review of the document designated by the court as the "complaint" to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

McCarthy generally set forth in his complaint that he believes the crime rate can be reduced if more individuals receive death sentences. For example, McCarthy writes, "there is no way to get rid of the drug problem in this country other than to put a death penalty on the persons heads for having 10 pounds or more of herion [sic], meth, or cocaine." (Filing No. 1.) He asks the court to place him "in the witness protection program" because "100s of people [would] kill [him] if they knew what [he] was saying to Washington DC." (*Id.*)

The court will dismiss this action because McCarthy's allegations are entirely baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations). Moreover, even when liberally construed, McCarthy's complaint raises no claims and makes no allegations against Vice President Biden or any other individual. *See* Fed. R. Civ. P. 8 (requiring that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the plaintiff is entitled to relief).

IT IS THEREFORE ORDERED that:

1.    The Complaint (Filing No. 1) is dismissed with prejudice as frivolous.

2.    The Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied as moot.

3.    The court will enter a separate judgment in accordance with this order.

DATED this 31st of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3